**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHOUQIN SONG, | No. 14-70128 |
| Petitioner, | Agency No. A087-864-135 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Shouqin Song, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").   We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo due process challenges, *Zetino v. Holder*, 622 F.3d 1007, 1011-12 (9th Cir. 2010) (internal citation omitted), and review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

We reject Song's due process contention regarding her medical record.  *See Lata v. INS*, 204 F.3d 1241, 1046 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Song's testimony and asylum declaration regarding when she learned of her employer's corruption and whether she received unemployment benefits.  *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances").  Song's explanations for the inconsistencies do not compel the contrary result.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  Further, substantial evidence supports the agency's finding that Song's corroborative evidence does not independently support her claim for relief.  *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir.

2014).  In the absence of credible testimony, Song's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Song's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not she would be tortured if returned to China.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**